

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 22, 1962

Hon. Coke R. Stevenson, Jr.　　Opinion No. WW-1420
Administrator
Texas Liquor Control Board　　Re: Whether all members, regard-
State Office Building　　　　　　less of class or participa-
Austin 11, Texas　　　　　　　　tion in a liquor pool, if any,
　　　　　　　　　　　　　　　　　are to be counted in determin-
　　　　　　　　　　　　　　　　　ing the annual state fee to
　　　　　　　　　　　　　　　　　be paid by a club that holds
　　　　　　　　　　　　　　　　　a Private Club Registration
　　　　　　　　　　　　　　　　　Permit as provided in Section
　　　　　　　　　　　　　　　　　15(e) of Article 1 of the
Dear Mr. Stevenson:　　　　　　　Texas Liquor Control Act.

　　　　In your recent letter you requested an opinion of this
office on the following question:

　　　　"Are all members, regardless of class or
　　participation in the liquor pool, if any, to be
　　counted in determining the annual State fee to
　　be paid by a club that holds a Private Club Reg-
　　istration Permit as provided in Section 15(e) of
　　Article I of the Texas Liquor Control Act (Art.
　　666-15(e) of V.A.P.C.)?"

Nowhere in Art. 666-15(e), V.P.C. of the Texas Liquor Control
Act do we find "member" defined, although the term is used re-
peatedly.　For example, in Section (a) of 15(e)1 in the defini-
tion of "private Club" the Act says, "'Private Club' shall
mean an association of persons, whether unincorporated or
incorporated under the laws of the State of Texas, for the
promotion of some common object and whose members must be
passed upon and elected as individuals, by a committee or
board made of members of the club. . . ." Nowhere in the
Act are any provisions made for any particular class or
classes of members.

　　　　The Act provides in Sec. 6 of Article 666-15(e),
V. P.C., that:

　　　　". . . Each private Club in the State of
　　Texas shall pay a yearly fee to the State for
　　each separate place of business.　The license
　　fee shall be based on the highest number of

members in good standing during the year for
which the license fee is to be paid and shall be
at the following rates:
. . . (Emphasis added).

". . . Not less than ninety (90) days prior
to the expiration of the year for which the
license fee is paid, a permittee may submit an
amended application with such additional license
fee as shall be required under the amended
return."

Section 8 of Article 666-15(e), V.C.S., provides
that these fees shall be paid to the Texas Liquor Control
Board and that the fees collected shall be deposited to the
General Revenue Fund.

Under the private club legislation a "member" may
store liquor on the premises of the private club in two ways.
One, he may store it in a locker under the "locker system"
as set out in subsection (b) of Article 666-15(e)1, or second,
he may participate under the "pool" system as set out in
Article 666-15(e)1(c). It is therefore difficult to see how
this could be any basis for distinguishing between "types" of
membership. There is nothing in this section to either require
that a member store his liquor in either way or that he store
any liquor at all. It therefore seems apparent that we must
look to Section 1(a) and Section 6 to arrive at the legis-
lative intent concerning membership. In Article 666-15(e)1(a)
"private club" is defined as an association of persons "whose
members must be passed upon and elected as individuals by a
committee or board made of members of the club." Therefore
all persons or individuals elected to the club become members.
Again we point out that the Act makes no distinction between
participating members or non-participating members, between
members elected for one day, one week, a year, or for life,
or between members who participate in the locker system and
pool system and members who do not. Article 666-15(e),
Section 6, provides that the license fee shall be based on
the highest number of members in good standing during the
year, and provides for an amended application to be filed
not less than 90 days prior to the expiration of the year
for which the license is paid. Filed with this amended
application must be the additional license fee required as
set out in the amended return. The Act does not say that
the license fee shall be based on the highest number of
members participating in the locker system or pool system

during the year, but only that the license fee shall be based "on the highest number of members in good standing during the year." We conclude, therefore, that the fee provided in the Act must be paid on the basis of all members, and is determined by the highest number of members in good standing during the year.

### SUMMARY

The license fee required for a private club under the private club registration Act, Article 666-15(e), Vernon's Penal Code, is based on the highest number of members in good standing during the year for which a license fee is required to be paid, regardless of class, length of time a member, or whether they participate in the liquor pool.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Norman V. Suarez
Assistant

NVS:nss

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

Gilbert Hargrave

Gordon Zuber

Thomas Burrus

REVIEWED FOR THE ATTORNEY GENERAL

By: Leonard Passmore